J-A23004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARISSA S. BARKSDALE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN T. BARKSDALE | |
| Appellant | No. 1891 WDA 2015 |

Appeal from the Order Dated November 6, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): FD 14-7960-011

BEFORE:  LAZARUS, J., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 18, 2016**

Justin Barksdale ("Husband") appeals from the order entered in the Court of Common Pleas of Allegheny County denying his Motion to Enforce Consent Order against Marissa Barksdale ("Wife").  After our review, we affirm.

Husband and Wife were married on December 19, 2004. Two children were born of the marriage, ages five and eleven.  On September 26, 2014, Wife filed for divorce.  On June 11, 2015, Husband and Wife entered into a consent order, which resolved the issues of equitable distribution and custody.  With respect to the marital home, the order provided that Wife would sign over the deed to Husband and Husband would assure that Wife

_____

[*] Retired Senior Judge assigned to the Superior Court.

was not obligated on the mortgage. The court entered a divorce decree on July 17, 2015.

Thereafter, on October 26, 2015, Husband filed a Motion to Enforce Consent Order. In his motion, Husband averred Wife failed to sign over the deed to the marital home, and although Wife's name was still listed on the mortgage instrument, she "is not named in the Mortgage Note." Motion to Enforce Consent Order, 10/26/15, at ¶5. Further, Husband averred that he contacted the mortgagee, and has "been assured that because [W]ife is not named in and did not sign the Mortgage Note, she cannot be held responsible for the mortgage in any way." *Id.* at ¶ 6. Husband claimed that Wife's failure to sign over the deed violated the parties' agreement.

On November 6, 2015, the court heard argument on Husband's motion and concluded that Wife was not required to sign over the deed until Husband removed Wife from the mortgage note. The court entered an order denying Husband's motion and ordering him to remove Wife from the mortgage. *See* Order, 11/6/15. Husband filed a motion for reconsideration, which was denied, and this appeal followed.

Husband raises one issue for our review:

> Whether the trial court erred in failing to enforce the parties' unambiguous agreement and in requiring the husband to remove the wife's name from the mortgage on the marital residence.

Appellant's Brief, at 3.

> It is well-established that the law of contracts governs marital settlement agreements, and under the law of contracts, the court must ascertain the intent of the parties when interpreting a

contractual agreement. ***Kripp v. Kripp***, 849 A.2d 1159, 1163 (Pa. 2004) (citations omitted). The standard of enforceability of a contractual agreement is also clear: absent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements. As such, a trial court may interpret a property settlement agreement as it would a contract, but it has neither the power nor the authority to modify or vary the decree unless there is conclusive proof of fraud or mistake. Moreover, the long-standing law of this Commonwealth is that property settlement agreements are presumed to be valid and binding upon the parties. When construing agreements involving clear and unambiguous terms, a trial court need only examine the writing itself to give effect to the parties' understanding. A court may not modify the plain meaning of the words under the guise of interpretation.

***Crispo v. Crispo***, 909 A.2d 308, 312–13 (Pa. Super. 2006)(citations and quotations omitted).

The parties' consent order provides, in pertinent part:

Husband shall retain the marital residence and assume responsibility for all costs associated with it, including payment of the mortgage loan, property taxes, and insurance. Deed to be signed and transferred to Husband. *Husband to assure Wife is not obligated **in any way** on the mortgage*.

Consent Order, 6/16/15, ¶1 (emphasis added).

Husband argues that absent a provision allowing for modification, the court may not modify the terms of the agreement, which is treated as a contract between the parties. ***Osial v. Cook***, 803 A.2d 209, 213 (Pa. Super. 2002). He claims that the consent order did not specifically obligate him to refinance the mortgage and thus his assurances satisfy the condition that Wife is not obligated on the mortgage.

The Mortgage Instrument states:

- 3 -

> Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) **is *not* personally obligated to pay the sums secured by this Security Instrument**; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

Mortgage, 2/6/12, at ¶12 (emphasis added). A mortgage is generally accompanied by a promissory note. The note is evidence of the debt obligation for which the mortgage is given. The mortgage and the note, while separate instruments, secure the same debt. However, the note is a personal obligation of the obligor (mortgagor). Here, Husband signed the Note; Wife did not. ***See*** Note, 2/6/12, at 2. Although Wife is not personally liable on the Note, if Husband defaults on the Note and the mortgagee ("Lender") pursued a foreclosure action against the property, Wife would be named and required to defend that action. Additionally, Wife, named as Borrower on the Mortgage ("Security Instrument"), retains obligations on the Mortgage apart from the Note, such as governmental or municipal charges, fines and impositions that are not included in the monthly payment as set forth in the Note. ***See*** Mortgage, at ¶ 7.

> If Borrower fails to make these payments . . . or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes hazard insurance and other items

mentioned in paragraph 2. **Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument**.

Mortgage, ¶7 (emphasis added).

Husband's and mortgagee's assurances that Wife will not be financially responsible for the debt secured by the mortgage is not a satisfactory release of Wife from association with the marital home and from all obligations under the mortgage. The court determined that it was the intention of the parties to "sever Wife's financial obligation to the mortgage" and that in order to enforce the consent order, Husband was required "to remove [Wife] from **all mortgage documents** associated with the marital home." Trial Court Opinion, 1/7/16, at 6-7 (emphasis added). The trial court's interpretation gives effect to the parties' agreement. ***Crispo***, ***supra***. We, therefore, affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016